IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| HILLCREST LABORATORIES, INC.<br>15245 Shady Grove Road, Suite 400<br>Rockville, MD 20850-3222<br>(Montgomery County),<br><br>        Plaintiff,<br><br>v.<br><br>NINTENDO CO., LTD.<br>11-1 Kamitoba hokotate-cho<br>Minami-ku, Kyoto 601-8501<br>Japan<br><br>and<br><br>NINTENDO OF AMERICA, INC.<br>4820 150th Avenue N.E.<br>Redmond, WA 98052,<br><br>        Defendants. | CIVIL ACTION NO. _____<br><br>**COMPLAINT FOR PATENT<br>INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The plaintiff, Hillcrest Laboratories, Inc. ("Hillcrest"), for its complaint against defendants, Nintendo Co. Ltd. and Nintendo of America, Inc. (collectively "Nintendo") alleges:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. § 271(a), (b), and/or (c). Hillcrest brings this action seeking damages from Nintendo Co. Ltd. ("Nintendo Japan") and Nintendo of America, Inc. ("Nintendo of America") for infringement of Hillcrest's patent rights in United States Patent Nos.

7,139,983 ("the '983 patent"); 7,158,118 ("the '118 patent"); 7,262,760 ("the '760 patent"); and 7,414,611 ("the '611 patent").

## THE PARTIES

2. Hillcrest is a corporation duly organized under the laws of the State of Delaware, with its corporate headquarters and principal place of business at 15245 Shady Grove Road, Suite 400, Rockville, MD 20850-3222.

3. Upon information and belief, defendant Nintendo Japan is a Japanese corporation with its principal place of business at 11-1 Kamitoba hokotate-cho, Minami-ku, Kyoto 601-8501, Japan.

4. Upon information and belief, defendant Nintendo of America is a corporation organized under the laws of the State of Washington with its principal place of business at 4820 150th Avenue N.E., Redmond, WA 98052.

5. Upon information and belief, defendant Nintendo of America is a wholly-owned subsidiary of defendant Nintendo Japan.

## JURISDICTION AND VENUE

6. This civil action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. § 271(a), (b), and (c). Subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, Nintendo Japan and Nintendo of America purposefully have conducted and continue to conduct business in this judicial district, have placed the accused products in the stream of commerce knowing and intending this judicial district was a likely destination of these products, have caused injury to Hillcrest in this judicial district, and have committed acts of

infringement in this judicial district. In addition, defendant Nintendo of America has appointed The Corporation Trust, Inc., 300 E. Lombard St., Baltimore, MD 21202, as its registered agent in Maryland.

8. Upon information and belief, this Court has personal jurisdiction over Nintendo Japan and Nintendo of America pursuant to the laws of the State of Maryland, including the Maryland long-arm statute, MD. CODE ANN., CTS. & JUD. PROC., § 6-103.

9. Upon information and belief, venue is proper in this judicial district under 28 U.S.C. § 1391 and § 1400(b).

## FACTS

10. The '983 patent, entitled "Interactive Content Guide for Television Programming," was duly and legally issued by the United States Patent and Trademark Office on November 21, 2006. A true and correct copy of the '983 patent is attached as Exhibit A. Hillcrest owns by assignment the entire right, title, and interest in and to the '983 patent.

11. The '118 patent, entitled "3D Pointing Devices with Orientation Compensation and Improved Usability," was duly and legally issued by the United States Patent and Trademark Office on January 2, 2007. A true and correct copy of the '118 patent is attached as Exhibit B. Hillcrest owns by assignment the entire right, title, and interest in and to the '118 patent.

12. The '760 patent, entitled "3D Pointing Devices with Orientation Compensation and Improved Usability," was duly and legally issued by the United States Patent and Trademark Office on August 28, 2007. A true and correct copy of the '760 patent is attached as Exhibit C. Hillcrest owns by assignment the entire right, title, and interest in and to the '760 patent.

13. The '611 patent, entitled "3D Pointing Devices with Orientation Compensation and Improved Usability," was duly and legally issued by the United States Patent and Trademark Office on

August 19, 2008. A true and correct copy of the '611 patent is attached as Exhibit D. Hillcrest owns by assignment the entire right, title, and interest in and to the '611 patent.

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT 7,139,983

14. Hillcrest incorporates paragraphs 1-13 as if fully set forth herein.

15. Upon information and belief, defendants have been and are now making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, "Wii" video game machines and/or related "Wii" remote controllers that infringe the '983 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

16. Upon information and belief, defendants have been and now are contributing to the infringement of and/or actively inducing the infringement of the '983 patent by others by, among other things, distributing or offering for sale "Wii" video game machines, related "Wii" remote controllers, and/or accessories and games that infringe the '983 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b) and/or (c).

17. Defendants' past and continued acts of infringement have damaged Hillcrest in an amount not yet determined and will continue to damage Hillcrest in the future; and thus Hillcrest is entitled to recover damages adequate to compensate for that infringement.

18. Defendants' acts of infringement have caused and will continue to cause irreparable injury to Hillcrest unless and until enjoined by this Court.

## COUNT II: INFRINGEMENT OF UNITED STATES PATENT 7,158,118

19. Hillcrest incorporates paragraphs 1-18 as if fully set forth herein.

20. Upon information and belief, defendants have been and are now making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, "Wii" video

game machines and/or related "Wii" remote controllers that infringe the '118 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

21. Upon information and belief, defendants have been and now are contributing to the infringement of and/or actively inducing the infringement of the '118 patent by others by, among other things, distributing or offering for sale "Wii" video game machines, related "Wii" remote controllers, and/or accessories and games that infringe the '118 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b) and/or (c).

22. Defendants' past and continued acts of infringement have damaged Hillcrest in an amount not yet determined and will continue to damage Hillcrest in the future; and thus Hillcrest is entitled to recover damages adequate to compensate for that infringement.

23. Defendants' acts of infringement have caused and will continue to cause irreparable injury to Hillcrest unless and until enjoined by this Court.

### COUNT III: INFRINGEMENT OF UNITED STATES PATENT 7,262,760

24. Hillcrest incorporates paragraphs 1-23 as if fully set forth herein.

25. Upon information and belief, defendants have been and are now making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, "Wii" video game machines and/or related "Wii" remote controllers that infringe the '760 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

26. Upon information and belief, defendants have been and now are contributing to the infringement of and/or actively inducing the infringement of the '760 patent by others by, among other things, distributing or offering for sale "Wii" video game machines, related "Wii" remote controllers,

and/or accessories and games that infringe the '760 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b) and/or (c).

27. Defendants' past and continued acts of infringement have damaged Hillcrest in an amount not yet determined and will continue to damage Hillcrest in the future; and thus Hillcrest is entitled to recover damages adequate to compensate for that infringement.

28. Defendants' acts of infringement have caused and will continue to cause irreparable injury to Hillcrest unless and until enjoined by this Court.

## COUNT IV: INFRINGEMENT OF UNITED STATES PATENT 7,414,611

29. Hillcrest incorporates paragraphs 1-28 as if fully set forth herein.

30. Upon information and belief, defendants have been and are now making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, "Wii" video game machines and/or related "Wii" remote controllers that infringe the '611 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

31. Upon information and belief, defendants have been and now are contributing to the infringement of and/or actively inducing the infringement of the '611 patent by others by, among other things, distributing or offering for sale "Wii" video game machines, related "Wii" remote controllers, and/or accessories and games that infringe the '611 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b) and/or (c).

32. Defendants' past and continued acts of infringement have damaged Hillcrest in an amount not yet determined and will continue to damage Hillcrest in the future; and thus Hillcrest is entitled to recover damages adequate to compensate for that infringement.

33. Defendants' acts of infringement have caused and will continue to cause irreparable injury to Hillcrest unless and until enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Hillcrest respectfully requests that this Court enter a judgment:

A. Declaring that Nintendo Japan has infringed the '983 patent;

B. Declaring that Nintendo Japan has infringed the '118 patent;

C. Declaring that Nintendo Japan has infringed the '760 patent;

D. Declaring that Nintendo Japan has infringed the '611 patent;

E. Declaring that Nintendo of America has infringed the '983 patent;

F. Declaring that Nintendo of America has infringed the '118 patent;

G. Declaring that Nintendo of America has infringed the '760 patent;

H. Declaring that Nintendo of America has infringed the '611 patent;

I. Awarding Hillcrest damages adequate to compensate for the aforesaid infringement in an amount no less than a reasonable royalty, together with prejudgment interest thereon;

J. Awarding Hillcrest any other damages permitted, including any for willful infringement, under 35 U.S.C. § 284;

K. Declaring this an exceptional case pursuant to 35 U.S.C. § 285 and awarding Hillcrest its costs, expenses, and disbursements in this action, including reasonable attorney fees;

L. Permanently enjoining Nintendo Japan, its officers, agents, employees, privies, successors, and assigns, and those acting in concert or participation with them, from infringing the '983, '118, '760 and '611 patents;

M. Permanently enjoining Nintendo of America, its officers, agents, employees, privies, successors, and assigns, and those acting in concert or participation with them, from infringing the '983, '118, '760 and '611 patents; and

N. Granting Hillcrest such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Hillcrest hereby demands a trial by jury for all issues so triable.

Dated: August 20, 2008

/s/ Lawrence Ilag
Lawrence L. Ilag (Bar # 16882)
J. Michael Jakes
Christine E. Lehman
Eric C. Jeschke
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, DC 20001-4413
202.408.4000
202.408.4400 (fax)
larry.ilag@finnegan.com
mike.jakes@finnegan.com
christine.lehman@finnegan.com
eric.jeschke@finnegan.com

Attorneys for Plaintiff